# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| HAMPSHIRE, ss. | SUPERIOR COURT DEPARTMENT<br>CIVIL ACTION NO. 20-CV-016 |
| DEBRA L. HORTON<br>*Plaintiff,*<br><br>v.<br><br>JODY D. KASPER,<br>Individually and as Police Chief of<br>The City of Northampton;<br>OFFICER THOMAS BRIOTTA,<br>OFFICER KENNETH KIRCHNER, and<br>OFFICER GRZEGORZ KOREPTA,<br>Individually and as Police Officers of the<br>Northampton Police Department;<br>And THE CITY OF NORTHAMPTON<br>*Defendants.* | **COMPLAINT**<br><br>HAMPSHIRE SUPERIOR COURT<br><br>FEB 0 5 2020<br><br>HARRY JEKANOWSKI, JR.<br>CLERK/MAGISTRATE |

## **PARTIES:**

1. The plaintiff, DEBRA L. HORTON, is a natural person who resides at 81 Conz Street, Apartment #213, Northampton, Massachusetts;

2. The Defendant, City of Northampton, is a municipal corporation organized under the laws of the Commonwealth of Massachusetts, and maintains and operates the Northampton Police Department located at 29 Center Street, Northampton, Massachusetts;

3. Police Officer Kenneth Kirchner, individually and as a police officer of the City of Northampton;

4. Police Officer Thomas Briotta, individually and as a police officer of the City of Northampton;

5. Police Officer Grzegorz Korepta, individually and as a police officer of the City of Northampton.

6. Police Chief Jody D. Kasper, individually and as Police Chief of the City of Northampton

## FACTS:

7. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 6.

8. On or about February 6, 2017, Northampton Police Officers Briotta and Kirchner were dispatched to 30 Locust Street (Cooley Dickinson Hospital) for a report of a disturbance in progress.

9. Upon arrival, the officers located the Plaintiff in the rear parking lot of the hospital.

10. Officers Briotta and Kirchner inquired with the ER staff if the Plaintiff was to be removed from the premises.

11. After the two officers made their presence known, the Plaintiff stopped to speak with them.

12. The subject officers told the Plaintiff that she was to remain in the parking lot until her items were retrieved.

13. Plaintiff did not remain in place and preceded to exit the property toward the rear lot of the Helipad and down the embankment to the pond area.

14. The direction Plaintiff was walking was toward and adjacent to a road where she could have left the property.

15. The officers called Plaintiff back to report to them and gave the Plaintiff her belongings.

16. When the Plaintiff began to walk further into the woods, the officers insisted that she leave the woods and take her belongings and exit the property.

17. Plaintiff proceeded to run further into the woods and Officer Briotta chased her, grabbed onto her right wrist, and Plaintiff yelled out in pain.

18. Officer Briotta was able to gain control over the plaintiff and placed her under arrest in handcuffs.

19. Officer Kirchner came to the same location to assist Officer Briotta in carrying the Plaintiff out of the woods and then placed her in cruiser #26.
20. At this time, Plaintiff was 58 years old and weighed approximately 100 pounds and is 5 feet 4 inches tall.
21. According to Plaintiff, she repeatedly insisted that her wrists were in great pain.
22. Plaintiff has pins placed in her right wrist from previous surgery.
23. Plaintiff was at Cooley Dickinson Emergency Department seeking treatment for alcoholism.
24. Plaintiff was physically assaulted by Officer Briotta when she insisted that he needed to loosen her handcuffs.
25. During the arrest, Plaintiff suffered injuries to her shoulder, back, face, head, wrist and other body parts as well as emotional distress, pain and suffering and property damage.
26. Since the arrest, Plaintiff has received and continues to receive medical treatment and counseling for these injuries and continues to experience ongoing pain, disability and emotional trauma.

## COUNT I:
## NEGLIGENCE

27. The Plaintiff repeats and re-alleges that the allegations contained in paragraphs 1 through 26 and incorporates the same herein by reference.
28. The Northampton Police Department and its police officers failed to provide needed medical attention to the Plaintiff while she was in custody.
29. Defendants owed the Plaintiff a duty of reasonable care for her safety but failed to exercise the degree of care required.
30. The Defendants are liable for any foreseeable loss caused by their negligence.

31. On or about January 31, 2019 the plaintiff, through counsel, sent a letter of presentment to the mayor of the City of Northampton pursuant to MGL Chapter 258.
32. As a direct result of the negligence of the Defendants, the Plaintiff has suffered personal injury, monetary loss, severe emotional stress and has been otherwise damaged.

WHEREFORE, Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

## COUNT II:
## EXCESSIVE FORCE

33. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 and incorporates the same herein by reference.
34. Northampton Police Officer Thomas Briotta and Police Officer Kenneth Kirchner used excessive force in removing Plaintiff from the woods, placing her into the cruiser and transporting her from the cruiser into the Northampton Police Station.
35. Plaintiff continued in her request for help to ease the wrist pain.
36. Plaintiff was physically assaulted by Officer Briotta while in transport from the area of arrest to the police station.
37. Plaintiff has sought medical treatment for the injuries from the date of the arrest to the present time.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just, plus interest, attorney's fees and costs.

## COUNT III:
## VIOLATION OF 42 U.S.C 1983

38. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37 and incorporates the same herein by reference.

39. On February 6, 2017, the Northampton Police Officers Briotta and Kirchner were dispatched to 30 Locust Street for a report of a disturbance in progress. The Plaintiff was taken into custody by Northampton Officer Kirchener and Officer Briotta.

40. At all times material hereto, the Defendant, Jody D. Kasper, was the duly appointed and presently acting Police Chief of the Northampton Police Department.

41. At all times material hereto, all individual Defendants were employed by the City of Northampton and acting under color of law in their official capacity.

42. At all times material hereto, the individual police officers were employed by the City of Northampton and acting under color of law in their official capacity.

43. At all times material hereto, the individual Defendants, individually and in concert were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts, and the County of Hampshire. The individual Defendants engaged in the illegal conduct herein mentioned to the injury of the Plaintiff and deprived her of the rights, privileges and immunities secured to Plaintiff by the 14th Amendment to the Constitution of the United States and the laws of the United States.

44. The City of Northampton acted in a grossly negligent manner and with deliberant indifference in establishing and maintaining a custom of inadequate training and supervision.

45. The grossly negligent conduct of these Defendants deprived the Plaintiff of her constitutional rights and led to permanent injury.

46. The harm caused to the Plaintiff was the result of the Defendant officers implementing or executing the policies, practices, customs, or regulations officially adopted and promulgated by the Northampton Police Department under the direction of Chief Jody D. Kasper.

WHEREFORE, the Plaintiff demands, pursuant to 42 USC 1983:

a. That the Plaintiff be awarded damages in such amount as the Court deems equitable and just;
b. That each of the individual Defendants be assessed punitive damages;
c. That the Plaintiff be awarded reasonable costs and expenses of this action, including interest and attorney's fees.

## COUNT IV:
## VIOLATION TO MGL CH. 12 SEC. 11I

47. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 46 and incorporates the same herein by reference.
48. The Defendants interfered or attempted to interfere by threat, intimidation or coercion, with the Plaintiff's exercise or enjoyment of rights secured by the Constitution of the United States or the Commonwealth of Massachusetts.

WHEREFORE, the Plaintiff pursuant to MGL Chapter 12, Section 11i demands:

a. That the Plaintiff be awarded damages in such amount as the Court deems equitable and just;
b. That the Plaintiff be awarded reasonable costs and expenses of this action including interest and attorney's fees.

## COUNT V:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 48 and incorporates the same herein by reference.

50. The acts and omissions of the Defendants constituted extreme and outrageous conduct, which caused permanent injury and emotional stress to the Plaintiff.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just, plus interest, attorney's fees and costs.

THE PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL ISSUES IN THE COMPLAINT.

The Plaintiff
By Her Attorney,

Harold I. Resnic, Esq.
BBO #417040
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax: (413) 747-8044
harold@resniclaw.com

DATED:   February 5, 2020